UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN FORD,

          Petitioner,

                                    Case No. 16-cv-10489

v.

                                    HON. MARK A. GOLDSMITH

SHERMAN CAMPBELL,

          Respondent.

_____/

## OPINION AND ORDER
## GRANTING RESPONDENT'S MOTION TO DISMISS (Dkt. 6), DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (Dkt. 1), DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS

Petitioner Jonathan Ford filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1), challenging his Wayne County Circuit Court conviction for second-degree criminal sexual conduct, Mich. Comp. Laws § 750.520c(1)(a). Petitioner was sentenced to 19 to 30 years' imprisonment. The petition raises three claims: (i) Petitioner should be allowed to withdraw his plea because he was not advised that he would be subject to life-time electronic monitoring, (ii) Petitioner should be allowed to withdraw his plea because he was not advised that his sentence would exceed the recommended sentencing guideline range, and (iii) Petitioner is entitled to resentencing because the sentencing guidelines were improperly scored.

This matter is before the Court on Respondent's motion to dismiss the petition as untimely filed (Dkt. 6). Petitioner has not responded to the motion. For the reasons provided below, the Court grants Respondent's motion and dismisses the petition. The Court also denies Petitioner a certificate of appealability and permission to proceed on appeal in forma pauperis.

# I.  BACKGROUND

The charges against Petitioner involved an incident where he abducted an 11-year-old girl who was walking to school.   Petitioner brought the girl into his house and forced her to engage in sexual intercourse.   6/1/2009 Plea Tr. at 6-9 (Dkt. 7-3).   Petitioner was charged with first-degree criminal sexual conduct, kidnaping, and second-degree criminal sexual conduct.

On June 1, 2009, a plea bargain was reached in which Petitioner pleaded guilty to second-degree criminal sexual conduct, and the other charges were dismissed.   Id. at 3.   The trial court sentenced Petitioner on June 17, 2009, in accordance with a sentencing agreement to 19 to 30 years in prison.   Id. at 3-4; 6/17/2009 Sentencing Tr. at 6-7 (Dkt. 7-4).

Petitioner did not file a direct appeal.   Rather, on December 27, 2012, Petitioner filed a motion for relief from judgment in the trial court (Dkt. 7-5), raising what now form his three habeas claims.   The trial court denied the motion on March 18, 2013. 6/20/2013 Op. & Order, No. 08-008020-01 (Wayne Cnty. Cir. Ct.) (Dkt. 7-10).

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals. On June 3, 2014, the Michigan Court of Appeals denied Petitioner's application in a standard order.   People v. Ford, No. 319705 (Mich. Ct. App. June 3, 2014) (Dkt. 7-11).   Petitioner then filed an application for leave to appeal in the Michigan Supreme Court.   On February 4, 2015, the Michigan Supreme Court denied Petitioner's application.   People v. Ford, 858 N.W.2d 464 (Mich. 2015) (table).

Petitioner signed and dated the present federal habeas petition on February 2, 2016.

# II.  ANALYSIS

## A.  Statute of Limitations

Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, applies to all habeas petitions filed

after the Act's effective date, April 24, 1996, and imposes a one-year limitations period for habeas petitions.  <u>See</u> 28 U.S.C. § 2244(d)(1).  Petitioner's habeas petition was filed after April 24, 1996, and thus, the provisions of the AEDPA, including the limitations period for filing a habeas petition, apply.  <u>See</u> <u>Lindh v. Murphy</u>, 521 U.S. 320, 337 (1997).  The one-year limitations period runs from the latest of:

>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Absent statutory or equitable tolling, a petition for writ of habeas corpus must be dismissed where it has not been filed before the limitations period expires.  <u>See</u> 28 U.S.C. §§ 2244(d)(1)-(2); <u>Allen v. Yukins</u>, 366 F.3d 396, 401 (6th Cir. 2004); <u>see also</u> <u>Lee v. Brunsman</u>, 474 F. App'x 439, 441 (6th Cir. 2012).  Section 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured in this case.  Petitioner has not filed a response to Respondent's motion asserting that any other starting point applies, and no other starting point appears in the record.

The statute of limitations began to run in this case when Petitioner's conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  For purposes of subsection 2244(d)(1)(A), "direct review" concludes

when the availability of direct appeal to the state courts and to the United States Supreme Court has been exhausted.   Jimenez v. Quarterman, 555 U.S. 113, 119 (2009).

Here, the expiration of time for seeking direct review under this section was June 17, 2010 — one year after Petitioner's judgment of sentence was entered on June 17, 2009.   See Mich. Ct. R. 7.205(G) (amended in 2011 to reduce the time to file a delayed application from one year to six months).   The statute of limitations lapsed one year later, on June 17, 2011.

Petitioner filed post-conviction motions in the state trial court on December 27, 2012, over a year after the statute of limitation expired.   Because Petitioner's post-conviction motion was filed after the limitations period already expired, it did not act to toll or reset the limitations period. See McMurray v. Scutt, 136 F. App'x 815, 817 (6th Cir. 2005) (citing Vroman v. Brigano, 346 F.3d 598, 602 (6th Cir. 2003)).

The petition is, therefore, time-barred, unless Petition demonstrates grounds for equitable tolling.   Holland v. Florida, 560 U.S. 631, 649 (2010).   A petitioner is entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."   Id.   The party seeking equitable tolling bears the burden of proving that he is entitled to it.   Robertson v. Simpson, 624 F.3d 781, 784 (6th Cir. 2010).

Petitioner did not file an answer to Respondent's motion, nor does the petition itself suggest grounds for equitably tolling the limitations period.   The fact that Petitioner is untrained in the law or may have been personally ignorant of the consequences of his inaction is insufficient to establish entitlement to equitable tolling.   See Allen v. Yukins, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling); Rodriguez v. Elo, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse" for failure to follow legal requirements).

4

Petitioner is, therefore, not entitled to equitable tolling on this basis.

The one-year statute of limitations may also be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in Schlup v. Delo, 513 U.S. 298 (1995). See McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). Petitioner's case falls outside of the actual innocence tolling exception enunciated in Shlup, because Petitioner's claim is not based on any new, reliable evidence that he is actually innocent of the crimes charged. See Ross v. Berghuis, 417 F. 3d 552, 556 (6th Cir. 2005).

Accordingly, the Court grants Respondent's motion for summary judgment and dismisses the petition because it was filed after expiration of the one-year statute of limitations.

**B. Certificate of Appealability and Leave to Proceed on Appeal In Forma Pauperis**

Before Petitioner may appeal this Court's dispositive decision, a certificate of must issue. See 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that . . jurists could conclude the issues presented are adequate to deserve encouragement to further." Miller-El, 537 U.S. at 327. In applying that standard, a district court may not full merits review, but must limit its examination to a threshold inquiry into the underlying merit the petitioner's claims. Id. at 336-337. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; Castro v. United States, 310 F.3d 900, 901 (6th Cir. 2002).

Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying merits, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484. When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. Id.

Having undertaken the requisite review, the court concludes that jurists of reason could not debate the Court's procedural ruling. Accordingly, a certificate of appealability is not warranted in this case.

The Court also denies Petitioner leave to appeal in forma pauperis, because any appeal would be frivolous and not in good faith. See, e.g., Dell v. Straub, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002); Fed. R. App. P. 24(a); 18 U.S.C. § 1915(a)(3).

## III.   CONCLUSION

For the reasons stated above, the Court grants Respondent's motion to dismiss (Dkt. 6), dismisses the habeas petition (Dkt. 1), denies a certificate of appealability, and denies permission to proceed in forma pauperis on appeal.

SO ORDERED.

Dated:   November 2, 2016                                    s/Mark A. Goldsmith
           Detroit, Michigan                                  MARK A. GOLDSMITH
                                                              United States District Judge

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 2, 2016.

s/Karri Sandusky_____
Case Manager
